Charles N. Kendall, Jr., Esq.
KENDALL LAW FIRM, P.C.
1857 South Paseo San Luis
Sierra Vista, AZ 85635
Tel: 520-452-9022
State Bar No. 15133
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) No. 4:09-bk-17684-JMM |
|---|---|
| EVERETTE M. REAVES<br>and<br>CARLA J. REAVES,<br><br>Debtor. | ) <br>) **CHAPTER 13 PLAN AND**<br>) **APPLICATION FOR APPROVAL OF**<br>) **ATTORNEY'S COMPENSATION**<br>)<br>)<br>) |

## DEBTORS' PLAN UNDER CHAPTER 13

**WARNING IF YOU ARE A CREDITOR YOUR RIGHTS MAY BE IMPAIRED BY THIS PLAN!**

This plan contains evidentiary matters which, if not controverted, may be accepted by the Court as true. Creditors cannot vote on this plan but may object to its confirmation pursuant to Bankruptcy Code §§1324, and local rules. Absent any such objection, the Court may confirm this Plan and accept the valuation and allegations contained herein.

This plan provides for all Creditors, whether unsecured, secured, priority, non priority, scheduled, unscheduled, liquidated, dischargeable, known or unknown. However, only unsecured Creditors who timely file a Proof of Claim will receive payment under the Plan from the Trustee.

**THE DEBTOR PROPOSES THE FOLLOWING CHAPTER 13 PLAN:**

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN:** Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

    a. **Future earnings or income:** Debtors shall pay to the Trustee the sum of $0.00 the first month of the plan. Debtors shall then pay to the Trustee the sum of $7,500.00 per month for a period of fifty nine (59) months.

Said amount shall include the Conduit Payments pursuant to the Court's Standing Order of October 1, 2008, including Trustee's Fees. The Conduit Payments are set forth below in subsection (f). Debtors' payments shall be adjusted pursuant to said Standing Order based on changes in the escrow requirements or a change in an adjustable interest rate, if applicable.

Debtors plan payments shall be recalculated after the sale of the property referred to in subsection (b) of this section.

The Debtors will remit their payments to the Chapter 13 Trustee on or about the 29th day of the month.

> Debtors are to make all of the Plan payments by way of a court ordered wage assignment or in the form of a cashier's check (not a money order) payable to the Office of the Chapter 13 Trustee and shall include this Bankruptcy Case Number on each cashier's check. Payments shall be sent to **Dianne C. Kerns, Chapter 13 Trustee, P.O. Box 366, Memphis TN 38101-0366.**

b.  **Other Property:**

The Debtors have also listed the properties located at 2136 N. Coronado Frontage Road, Huachuca City, AZ and 106 Acres of Vacant Land at Highway 90 in Tombstone, AZ. Upon the sale of said property, the proceeds, after payment of the underlying liens and closing costs shall be paid to the Chapter 13 Trustee for distribution under the terms of this Plan.

If any other property is submitted to the Trustee for distribution to creditors or as administrative expenses, the value of such property shall be treated as an advance towards plan payments described in Section 1.a. above.

c.  **Adjustments To Property:** The current market value of Debtors' secured property and the proposed adjustments to secured creditors and the secured claims which are non-purchase money security interests to be avoided are set forth in the Debtors' Schedules.

2.  **DURATION:** This Plan shall be for sixty (60) months including any months that payments are made to the trustee prior to the confirmation of the Plan. If at any time before the end of this period all allowed claims are paid, the Plan shall terminate.

With the exception of a hardship discharge as may be approved by the Court upon proper notice and hearing, in no event will the term of this plan be less than thirty-six (36) months, exclusive of any property recovered by the Chapter 13 Trustee, unless all allowed

claims are paid in full, 11 U.S.C. §§1325(b)(1).

3. **CLASSIFICATION AND TREATMENT OF CLAIMS:** The provisions of this Plan are intended to bind all creditors under 11 U.S.C. Section 1327. Failure to file an objection can affect the creditor's rights as a secured or unsecured creditor. The confirmation process will be the final word in any conflicts between allowed claims and amounts provided for in this Plan.

   The claims shall be classified and paid in the order listed below:

   a. **Administrative expenses:**

      i. **Trustee's fees and costs:** Pursuant to 28 U.S.C. §§586(e)(1 )(B) and §§586(e)(2) the Chapter 13 Trustee shall receive an amount not to exceed ten percent (10%) of each payment received from Debtors for her fees and costs or as otherwise adjusted by the United States Attorney General.

      ii. **Attorney's Fees and Application for Administrative Expense:** A total of $4,226.00 shall be paid prior to commencement of payments on any claims listed hereafter. Prior to filing Charles N. Kendall, Jr. has been paid $2,250.00 which includes the filing fee. In support of his Application for Payment of Administrative Services, counsel has performed, and/or may perform the following services, all of which are necessary to obtain Court approval of Debtors' Chapter 13 Plan and to help Debtors complete their Plan. The administrative fee is a flat fee subject to contingencies as described below in Section 8:

         A. Counsel has analyzed Debtors' financial situation and provided advice and assistance in determining whether to file a bankruptcy petition under Title 11, of the United States Bankruptcy Code and which Chapter of the Bankruptcy Code would be most appropriate for Debtors.

         B. Counsel has assisted Debtors in reviewing financial information provided by Debtors and prepared and filed the Chapter 13 Petition, all necessary Schedules, Statement of Financial Affairs and other documents required by the Court. Counsel has formulated and prepared a Chapter 13 Plan.

         C. Counsel has, or will, respond to creditor inquiries regarding the status of the case, provide information regarding Debtors, the case, the Plan, provide account numbers where appropriate, provide information regarding the filing of proofs of claim, assist in

3

stopping post-petition collection activities, and, where appropriate, provide direct notice to creditors to quash garnishments, release levies, continue pending court or foreclosure actions and prevent repossession of property.

D. Counsel will assist in the resolution of taxation issues which may arise during the case as well as resolution of pre-petition tax matters. This may include, but is not limited to, providing information to the respective tax authorities and assisting in the establishing of claims, obtaining the release of post-petition tax refunds and staying post-petition tax collection actions.

E. Counsel will attend and represent Debtors at the Section 341(a) meeting of creditors; prepare a Chapter 13 Plan will which be set for hearing and noticed to the Trustee and parties in interest. Counsel will attend and represent Debtors at the Confirmation Hearing, resolve objections to the Plan, and present an Order of Confirmation to the Judge for signature, formally approving the Chapter 13 Plan.

F. Counsel will represent Debtors before the Court in all matters pertaining to the Chapter 13 proceeding and shall remain counsel of record through discharge or dismissal of the case. To this end, Counsel shall be available for consultation with Debtors throughout the pendency of the case, at no additional charge.

G. All costs and expenses incident to representation are included in the flat fee described above.

H. The amount agreed to be paid as compensation only includes those services described above, and does not, and is not intended to obligate or compensate Charles N. Kendall, Jr. for any other legal services which may become necessary during the course of the Chapter 13 case. Examples of such other services are as follows: Response to Motion to Lift Stay, Motion to Reinstate Chapter 13 Case, Amend or Modify Chapter 13 Plan, Motion and Hearing Authorizing Sale, Motion to Incur Indebtedness, Motion to Waive Interim Payments, Preparation of Interrogatories and Discovery, Complaint for Turnover of Property, Motion to Abandon, Motion for Moratorium, or other extraordinary motions or adversary proceedings.

Should additional fees be charged to Debtors, application shall be

made to the Bankruptcy Court pursuant to 11 U.S.C. 329 and Bankruptcy Rules 2002, 2016.

Charles N. Kendall, Jr. shall be compensated on an hourly basis or on a flat fee to be determined prior the performance of such additional services. For the above work, time will be charged at our standard hourly rates as they are adjusted for time to time with the firm's clients

b. **Secured Tax Claims and/or Priority Tax Claims:**

<u>**ANY TAXING AGENCY THAT DISAGREES WITH ITS TREATMENT AS DESIGNATED BELOW MUST FILE AN OBJECTION WITH THE COURT. THE LACK OF A TIMELY OBJECTION BY THE TAXING AGENCY WILL CONSTITUTE THE TAXING AGENCY'S FULL APPROVAL OF ITS TREATMENT UNDER THIS PLAN**</u>

i. **Secured Claims:** (Notice of tax lien filed before petition date.) Tax liens attach to equity interest of Debtors' real and personal property, regardless of exemptions allowed under the Bankruptcy Code. All allowed secured tax claims shall be paid on a pro rata basis with the secured claims referred to above. Any personal or real property taxes to any county which taxes become due and payable after the petition date shall be paid directly to respective county by the Debtors when such payment is due.

Secured Tax claims upon which interest pursuant to IRC Sections 6621 and 6622 at the applicable statutory rate are to be paid are estimated as follows:

| **Claimant** | **Tax Year** | **Type** | **Amount** |
|---|---|---|---|
| State of Arizona | N/A | TPT | $ 132,302.51 |
| Cochise County | 2009 | Property | 1,342.15 |
| Cochise County | 2009 | Property | 1,307.30 |
| Cochise County | 2009 | Property | 776.00 |

All tax liens placed by the respective tax agencies to be released and extinguished upon payment, or upon entry of discharge pursuant to 11 U.S.C. Section 1328(a).

ii. **Unsecured Priority Claims:** The followed unsecured priority tax claims shall be paid at 100% of the allowed proof of claim, without post-petition interest. Payment on the priority tax claims shall begin after payment of

5

administrative expenses and any secured claim. All taxes not paid by the Plan, or a claim that is not allowed because it was not timely filed, shall be discharged by these proceedings, even though no payments are received by the creditor. The balance indicated below is an estimate only.

| **Claimant** | **Tax Year** | **Type** | **Amount** |
|---|---|---|---|

None (Disputed)

    iii.    **Unsecured General Claims:** The following tax claims and penalties are unsecured general claims and will be discharged by this proceeding. The balance indicated below is an estimate only.

| **Claimant** | **Tax Year** | **Type** | **Amount** |
|---|---|---|---|
| State of Arizona | N/A | TPT | $ 646.29 |

    iv.    The Debtors' initials indicate the correct status regarding filed or not filed income tax returns:

/s/    We have to the best of our knowledge and belief filed all required federal and state income tax returns.

___    We have not filed all required federal and state income tax returns and we are aware that these returns must be prepared and filed immediately or we risk that our Chapter 13 proceeding will be dismissed.

e.    **Education Loans:**

None Known

f.    **Conduit Payments:** Debtors shall pay to Trustee, in accordance with the Court's Standing Order of October 1, 2008 the following payments:

    1.    Monthly house payments to Bank of America for Debtors' first mortgage on 2210 Santa Theresa Drive, Sierra Vista, AZ. Currently said Conduit Payment to creditor Bank of America is in the amount of $1,809.14 plus Trustee's fee of $201.02. Debtors' payments shall be adjusted pursuant to said Standing Order based on changes in the escrow requirements or a change in an adjustable interest rate, if applicable.

    2.    Monthly house payments to American General Financial for Debtors' first

mortgage on 2136 N. Coronado Drive, Huachuca City, AZ. Currently said Conduit Payment to creditor American General Financial is in the amount of $1,783.29 plus Trustee's fee of $198.14. Debtors' payments shall be adjusted pursuant to said Standing Order based on changes in the escrow requirements or a change in an adjustable interest rate, if applicable.

3. Monthly house payments to American General Financial for Debtors' first mortgage on 106 acres of vacant land on Highway 90, Tombstone, AZ. Currently said Conduit Payment to creditor American General Financial is in the amount of $1,371.71 plus Trustee's fee of $152.41. Debtors' payments shall be adjusted pursuant to said Standing Order based on changes in the escrow requirements or a change in an adjustable interest rate, if applicable

g. **Payments to Cure Defaults:** Debtors propose to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default | Interest |
|---|---|---|
| Bank of America (2210 Santa Theresa Dr.) | $ 7,236.56 | 9.375% |
| American General (2136 N. Coronado) | 12,383.02 | 10.9% |
| American General (106 Acres, Hwy 90) | 9,601.97 | 11.88% |

h. **Claims Secured by Personal Property:**

The following creditors shall retain their lien interest in the following described property. They shall be paid the lesser of the debt balance or the value of the property, as indicated below, securing their claim, plus interest at the rate specified below on the secured claim. (The balance shown below, and in Debtors' schedules, is Debtors' best faith estimate of the total balance of the respective claims on the date of filing the petition. A timely filed, allowed proof of claim, reflecting a different total balance will supersede the estimated balance provided by the Debtors. While the total balance will supersede the Debtors' estimate of the claim, the confirmation process will determine the amounts to be paid as secured and unsecured components of the allowed claim.) Upon payment of this amount the security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim based upon creditor's duly filed and allowed claim. Claims paid as secured shall be paid in full, in the amounts provided for below, prior to commencement of payment on any claims thereafter.

7

Any credit who disagrees with the treatment of its claim as proposed by this Plan must file an objection to the Plan and serve a copy of the objection in accordance with paragraph IV below. The confirmation process will be the final word in any conflicts between allowed filed claims and amounts provided for each claim as shown below. A creditor that does not object to the proposed treatment to its claim will be deemed to have accepted the treatment provided for in the Plan and will be bound by the terms of the Plan as written.

Any claims not specifically named in this Plan are presumed to be unsecured claims. Creditors, including, but not limited to Sears, Roebuck & Co., Montgomery Ward, Radio Shack and/or J.C. Penney Co., claiming secured status, shall serve a copy of said claim, proof of security, payment history and an objection to the Plan upon Debtors' counsel within the time limit delineated in paragraph IV below.

If no objections and proofs of claim are filed, and served upon Debtors' counsel within the time limit delineated in the Notice of Date to File Objections to Plan, claims not specifically named below, will be treated as other unsecured claims. Value of vehicles is based upon Kelly Blue Book valuations.

| Creditor/ Security | Balance/ Value of Security | Interest Rate | Paid as: Secured/ Unsecured |
|---|---|---|---|
| AL Financial Corp./ 2008 Chevrolet Tahoe | $8,410.26/$20,000.00 | 23.90% | $8,410.26/$0.00 |
| American General/ 2000 Ford F350 | $7,850.00/$1,000.00 | 0.00% | $1,000.00/$6,850.00 |
| WFS Financial/ 2006 Ford F350 | $20,000.00/$20,000.00 | 10.9% | $20,000.00/$0.00 |
| RV City/ 1007 Jayco Recon 5th Wheel | $42,000.00/$40,000.00 | 10.0% | $40,000.00/$2,000.00 |

    h.    **Unsecured Claims:** All other claims shall be classified as general unsecured claims along with any claims of security interest in property being avoided. Unsecured claims shall be paid the otherwise undistributed balance of payments under the Plan, pro rata and any unpaid amounts shall be discharged.

4.    **REJECTION OF EXECUTORY CONTRACTS:** Pursuant to 11 U.S.C. §§365 and 1322(b)(7) and Bankruptcy Rule 9014 Debtor herein elects to reject the following

executory contracts.

    a.    There are no known Executory Contracts.

5. **OBJECTIONS:** Pursuant to the **Notice Of Date To File Objections To Plan**, a copy of which is included with this plan, an objection to the confirmation of a plan shall be made within the dates set forth in said Notice of Date To File Objections To Plan. Objections shall be in writing and a copy of the objection shall be served by the objector upon the Chapter 13 Trustee and Debtors' counsel. The objector shall indicate on the pleading the parties served and the date and method of service.

6. **PROOFS OF CLAIM:**

    a.    All unsecured claimants must file proofs of claim by the claim's deadline in order to be paid the amounts provided for in the plan. If you do not file your proof of claim by the deadline date you will not receive anything even if the Plan provides for payment to you and your claim will be discharged and forever barred.

    b.    If you are a secured creditor you will be paid per the plan.

    c.    Priority claimants must file proofs of claim or their claim will forever be discharged and barred.

    d.    If you intend to file a proof of claim the deadline for filing proofs of claim is set forth in the **Notice Of Commencement Case Under Chapter 13 Of The Bankruptcy Code, Meeting Of Creditors, And Fixing Of Dates**, a copy of which was included with this Plan, **Pursuant to Uniform Local Rule 13010 you must serve a copy of the claim on the Debtors, Debtors' attorney and the Chapter 13 Trustee.**

    e.    If there is a dispute between a claimant and a Debtors, the terms and conditions of the plan and any stipulated order confirming the plan shall control and be binding on the parties

7. **EFFECTIVE DATE AND VESTING:** The effective date of the Plan shall be the date of the order confirming the Plan. Property of the estate shall vest in the Debtors upon confirmation, including any income tax refunds, except to the extent that any taxing agency has a right of set off. The Debtors may use the property in any manner. Debtors shall seek a Court order prior to buying or selling any property. With respect to pre-petition claims, upon the Confirmation of the Plan, the automatic stay provided for by 11 U.S.C. Section 362 shall remain in full force and effect.

8. **OTHER PROVISIONS OF THIS PLAN:**

   a. The trustee may dismiss this Plan if Debtors incur post-petition debts without the written permission of the trustee.

   b. The trustee shall have the power to waive, in writing and upon such terms as the trustee may impose and on such conditions as the trustee deems proper, any default in Debtors' payments to the Trustee under this Plan.

9. **PLAN ANALYSIS:** Attached hereto and incorporated herein is a Chapter 13 plan summary report (plan analysis) which indicates the proceeds to be received and distributed under the plan and the categories and amounts of such distributions.

10. The Debtors herein acknowledge and state that they have read the foregoing Plan and approves its contents and reasonable likelihood of success. The Debtors further acknowledges that they:

    /s/ Understands that if they are self employed that they must submit monthly business operating statements to the Chapter 13 Trustee.

    /s/ Are aware that they must pay all accruing mortgage payments on time to the Chapter 13 Trustee and if they fails to do so the mortgage company can retake their residence.

    /s/ Until a court ordered wage assignment is in place with their employer they understands in order to be able to prove that they have made their payments <u>they must pay</u> their trustee payments and mortgage payments with a <u>cashier's check</u> (not a money order).

    /s/ Understand that they must obtain the permission of the Court to buy, sell or refinance their home and that this requires a special motion, court hearing and order and notice of all of the creditors and depending upon their attorneys' case load and the case load of the bankruptcy court that may take up to 90 days.

    /s/ They are aware that they must obtain permission of the Chapter 13 Trustee to purchase any vehicles and depending upon their attorneys' case load and the case load of the Chapter 13 Trustee that may take up to 120 days.

    /s/ They is aware that they have to keep their attorneys promptly advised of all changes of address including up and until one year after they receives their discharge.

Plan Date: 9/13/2009

/s/ Charles N. Kendall, Jr.
Charles N. Kendall, Jr., #015133
Attorney for Debtors

**APPROVED AS TO FORM AND CONTENT:**

/s/ Everette M. Reaves
EVERETTE M. REAVES, Debtor

/s/ Carla J. Reaves
CARLA J. REAVES, Debtor

11

Debtor: EVERETTE & CARLA REAVES    Case No. 4:09-bk-17684

Prior:   Bankruptcy ( )   Chapter 13 ( )   Date: _____

Estimated Length of Plan:   60 Months

Trustee Use:
§ 341 (a) Meeting Date: _____
Continued: _____
Confirmed Date: _____

## TOTAL DEBT PROVIDED FOR UNDER THE PLAN
## PLUS ADMINISTRATIVE EXPENSES

| | | | |
|---|---|---|---:|
| A. | TOTAL PRIORITY CLAIMS | | |
| | 1. | UNPAID ATTORNEY FEES | $ 2,250.00 |
| | 2. | TAXES | $ 135,731.96 |
| | 3. | OTHER | $ 0.00 |
| B. | TOTAL OF CONDUIT PAYMENTS | | $ 297,848.40 |
| C. | TOTAL OF PAYMENTS TO CURE DEFAULTS | | $ 38,120.24 |
| D. | TOTAL OF PAYMENTS ON SECURED DEBTS | | $ 92,511.50 |
| E. | TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS | | $ 86,000.00 |
| F. | SUB-TOTAL. | | $ 652,462.10 |
| G. | TOTAL TRUSTEE'S COMPENSATION | | $ 72,495.79 |
| H. | TOTAL DEBTS AND ADMINISTRATIVE EXPENSES | | $ 724,957.89 |

## RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---:|
| B. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | | |
| | 1. | VALUE OF DEBTORS INTEREST IN NON-EXEMPT PROPERTY | $ 272,207.00 |
| | 2. | PLUS VALUE OF PROPERTY RECOVERABLE UNDER AVOIDING POWERS | $ 0.00 |
| | 3. | LESS ESTIMATED CHAPTER 7 ADMINISTRATIVE EXPENSES | $ 27,220.70 |
| . | | LESS AMOUNTS PAYABLE TO PRIORITY CREDITORS OTHER THAN COSTS OF ADMINISTRATION | $ 159,235.55 |
| | 5. | EQUALS ESTIMATED AMOUNT PAYABLE TO GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED (IF NEGATIVE ENTER ZERO) | $ 85,750.45 |
| I. | ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | | $ 85,750.45 |
| J. | ESTIMATED DIVIDEND UNDER PLAN | | $ 86,000.00 |

-   IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.